UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00207-RJC

| | |
|---|---|
| TAHIRA ABDUR-RAHMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **Order** |
| WELLS FARGO BANK N.A., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court following a scheduling conference on the parties' disagreement on the scheduling plan for this action. (Doc. Nos. 25, 26).

## I. BACKGROUND

This action was filed on May 4, 2021, alleging violations of the Fair Credit Reporting Act ("FCRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). (Doc. No. 1). Plaintiff's Amended Complaint brings the following individual and class claims: (1) violation of FCRA, 15 U.S.C. § 1681b(b)(3)(A)(i); (2) violation of FCRA, 15 U.S.C. § 1681m et seq.; (3) violation of Title VII, disparate treatment on the basis of race; (4) violation of Title VII, disparate impact on the basis of race, pled in the alternative; and (5) an individual claim for violation of 42 U.S.C. § 1981. Defendant responded to the Amended Complaint with a partial motion to dismiss or to strike class allegations, which the Court granted in part and denied in part. (Doc. Nos. 17, 21). Specifically, the Court denied Defendant's request to dismiss or strike Plaintiff's class claims, but dismissed Plaintiff's disparate impact individual and class claims.[1]

---

[1] Defendant "did not move to dismiss Plaintiff's Title VII disparate treatment claims (Count III)."

Thereafter, the parties each filed separate reports and proposed discovery plans following their Federal Rule of Civil Procedure 26(f) conference because they disagree on the scheduling plan for this action. (Doc. Nos. 25, 26). The Court held a scheduling conference where it considered the parties' arguments and legal authority, and took the matter under advisement.

## II. DISCUSSION

Defendant requests phased discovery in this matter wherein the parties would initially complete discovery and summary judgment briefing on a limited "threshold issue" of whether FBI fingerprint reports constitute a consumer report under FCRA. The approach anticipates the Court rule on summary judgment as to the "threshold issue," after which the Court would hold another scheduling conference and discovery would commence on any remaining claims. According to Defendant, this phased discovery would be more efficient because if the Court found that an FBI fingerprint report is not a consumer report under FCRA it would dispose of Counts I and II and avoid unnecessary class and merits discovery on those claims. Plaintiff disagrees with Defendant's phased approach arguing it would be unnecessary, duplicative, and cause delay.

The Court agrees that Defendant's phased approach is inappropriate in this case as it does not serve judicial economy and will cause unnecessary delay. Aside from Plaintiff's FCRA claims, the Amended Complaint contains an additional class claim for Title VII disparate treatment on the basis of race and an individual § 1981 claim, which will likely contain some overlap with class and merits discovery for Plaintiff's FCRA claims. Thus, regardless of how the Court rules on Defendant's asserted "threshold issue," class and merits discovery must still be completed for Plaintiff's remaining claims. And Defendant's requested approach would unnecessarily delay discovery on those claims indefinitely. Moreover, there is nothing that prevents Defendant from

---

(Doc. No. 20 at 8 n.3).

filing a motion for partial summary judgment on the "threshold issue" during discovery.

At the scheduling conference, Defendant directed the Court to *Mix v. JP Morgan Chase Bank, N.A.*, No. 2:15-cv-01102-JJT (D. Ariz. May 12, 2016), wherein the court granted a similar request for phased discovery on the same issue under FCRA. However, *Mix* is distinguishable because there the plaintiff's complaint only contained FCRA claims. In granting defendant's request for phased discovery, the court noted that the "threshold issue" may be dispositive of the case and, indeed, it was ultimately dispositive of the entire case. *Mix v. JPMorgan Chase Bank, N.A.*, No. 2:15-cv-01102, 2016 WL 5850362 (D. Ariz. Oct. 6, 2016). Unlike *Mix*, here, even if Plaintiff's FCRA claims are disposed of at summary judgment, Plaintiff still has class and individual claims pending, such that ruling on the "threshold issue" would not ultimately resolve the entire action. Accordingly, the Court concludes that the phased discovery and briefing approach Defendant requests would unnecessarily delay this case. Defendant may file a motion for partial summary judgment at the time it deems appropriate, and in the meantime, the Court will allow the matter to continue to proceed to an ultimate resolution.

Defendant's request also anticipates a second scheduling conference for the remaining claims after the Court's decision on summary judgment regarding the "threshold issue," including on the issue of whether to bifurcate discovery between class and merits discovery. However, Defendant does not provide any legal argument or authority for why discovery should be bifurcated in this case and Plaintiff proposes a single discovery period.[2] At this time, the Court does not find bifurcating discovery is in the interest of judicial economy. *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 WL 733393, at *1 (D.S.C. Feb. 24, 2021)

---

[2] Defendant may request to amend the case management plan and present its arguments for bifurcating discovery as it deems appropriate.

("[W]hile the court enjoys broad discretion to bifurcate discovery, bifurcation of discovery is the exception, rather than rule, and it is clear that in most instances, regular—that is, unbifurcated—discovery is more efficient." (internal quotation marks omitted)).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's request for phased discovery is **DENIED**. The Court will issue a pretrial order and case management plan consistent with its decision herein.

Signed: May 4, 2022

Robert J. Conrad, Jr.
United States District Judge